### GIBSON v. MURPHY.

County Judge's Court, Palm Beach County.

September 16, 1958.

Adams & Kramer, West Palm Beach, for plaintiff.

Warwick, Paul & Warwick, West Palm Beach, for defendant.

RICHARD P. ROBBINS, County Judge.

This cause came before me on the defendant's motion to strike the complaint as a sham pleading.

Plaintiff alleges that the defendant engaged certain architects in connection with the construction of a building, that incidental to the employment of the architects defendant requested plans and specifications for the incorporation of air conditioning facilities in the proposed building, whereupon the architects employed plaintiff, as an air conditioning engineer, to furnish them the necessary data for that purpose—that defendant authorized the architects to employ an engineer to render such service.

The architects instituted suit in the circuit court to recover fees for their services, in which they claimed they obligated themselves to the plaintiff as such engineer in the sum of $400 for the air conditioning specifications. In the final judgment in that case (common law #17099-D) it is stated that—"Plaintiffs have failed to prove the item of $400 claimed."

The question now presented to this court is—May the plaintiff as such air conditioning engineer sue the defendant on the theory that the architects were acting as his agents in employing him to furnish them the data required for their specifications?

The court is of the opinion that he can not. Where an architect is employed to prepare plans and specifications, his relation to his employer extends no further than the performance of those services, and he is not a general agent of the owner. See 5 C. J. 256. As to the preparation of plans, he acts for himself, and not as the owner's agent—and he is liable for whatever assistance he receives. The owner is not liable for ideas given the architect in the preparation of his plans. See Mackay v. Benjamin Franklin Realty & Holding Co. (Pa.), 50 A. L. R. 1164.

The motion to strike the complaint is therefore granted.